Appeal by the defendant from a judgment of conviction rendered
against him in the County Court of Oneida county, and from the order
denying the motion for a new trial, entered in the Oneida county clerk's
office on the 5th day of July, 1912.

Judgment of conviction and order affirmed. All concurred, except
Kruse, J., who dissented in a memorandum.

KRUSE, J. (dissenting): I dissent upon the ground that the evidence is
insufficient to show that Atkins, the defendant, had any knowledge of the
arrangement under which it is claimed Regnauld obtained the stock from
Cushman, or to show that Atkins criminally conspired with Regnauld to
misappropriate the stock, or sufficient to connect him with the misappro-
priation thereof so as to make him criminally liable. The letters of Atkins,
while they show that he was anxious to sell the stock of the Pioneer Com-
pany, which he was promoting, do not show the existence of a conspiracy
to obtain the stock of Cushman and misappropriate the same. Although
Atkins may have known that all the stock which he received from
Regnauld in exchange for the Pioneer stock, came from Cushman, that
does not establish that he had any knowledge that the stock belonged to
Cushman and was simply held by Regnauld as agent to sell the same for
Cushman, at not less than a specified price, as Cushman claims. The con-
viction rests largely upon the acts and declarations of Regnauld. These
were not competent against Atkins in the absence of a conspiracy to
which Atkins was a party, and not then unless they were made in further-
ance of the conspiracy. Even if there was such a conspiracy, Reg-
nauld's letter of October ninth was improperly received, since that was
after the alleged criminal conspiracy to misappropriate the stock had been
consummated, if any such conspiracy ever existed. I think the evidence is
insufficient to sustain the judgment of conviction.

---

Lionel Legare, Respondent, v. Buffalo and Fort Erie Ferry and Railway
Company, Appellant.— Judgment and order affirmed, with costs. All
concurred; Lambert J., not sitting.

In the Matter of the Judicial Settlement of the Accounts of Washington
H. Ransom, as Executor and Testamentary Trustee under the Will of
Ruby F. Cooper, Deceased, Appellant. Ruby M. Clark and Others,
Respondents.— Decree affirmed, with costs. All concurred, except Robson
and Foote, JJ., who dissented.

James B. Wise, Respondent, v. The Northern Specialty Company,
Appellant.— Judgment affirmed, with costs. All concurred.

Mason-Henry Press, Appellant, v. Ætna Life Insurance Company,
Respondent.— Judgment affirmed, with costs. All concurred.

Richard Radley, Respondent, v. McKenzie Furnace Company, Appel-
lant.— Judgment affirmed, with costs. All concurred.